**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Newport News Division

**UNITED STATES of AMERICA,**

**v.**                                              **Criminal No. 4:06cr15**

**DERRICK WHITLEY,**

           **Defendant.**

## OPINION & ORDER

On June 21, 2006, Defendant pled guilty to conspiracy to possess with intent to distribute and to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(iii).  Doc. 19.  Defendant's sentencing hearing was held on November 13, 2006. Defendant did not object to the facts contained in the Presentence Investigation Report ("PSR"), or to the PSR's application of the advisory United States Sentencing Guidelines ("Guidelines") to those facts.  Doc. 28.  The PSR determined Defendant's offense level total to be thirty-five (35) and assigned Defendant a criminal history category of II, which resulted in an advisory Guidelines range of 188-235 months' imprisonment.  The Court imposed a variance sentence of 155 months' imprisonment for the reasons stated herein.

### I.  Legal Standard

The Court must fashion a sentence that is "sufficient, but not greater than necessary" to serve the several sentencing factors set forth under 18 U.S.C. § 3553(a).  United States v. Davenport, 455 F.3d 366, 370 (4th Cir. 2006).  First, the Court must determine whether or not

the sentencing range suggested by the advisory Guidelines serves these factors.  See, e.g., United States v. Hampton, 441 F.3d 284, 287 (4th Cir. 2006).  If the advisory Guidelines range does not serve these factors, then the Court should next consider whether a "traditional" upward or downward departure under the Guidelines would result in a sentence that does serve the § 3553(a) factors.  Id.  If the resulting sentence still does not serve the § 3553(a) factors, then the Court may impose a variance sentence, i.e., a sentence that does not fall within the advisory Guidelines range, provided that the variance sentence falls within any statutory limitations and is reasonable.  Id. (citations omitted).

## II.  Discussion

At Defendant's sentencing hearing, the United States recommended a sentence of 188 months' imprisonment and asked the Court to consider the fact that Defendant had narrowly missed qualifying for the Guidelines' safety-valve provision.  See U.S.S.G. § 5C1.2.  Had Defendant not been a member of the charged conspiracy while he was under a state court's order to be on good behavior, Defendant would have accumulated only one (1) criminal history point, would have a criminal history category of I, and would have qualified for a two-level reduction under the safety-valve provision.  See U.S.S.G. §§ 5C1.2 & 2D1.1(b)(9).  Defendant's counsel asked the Court to consider sentencing Defendant between the statutory minimum of ten (10) years' imprisonment and the low end of the advisory Guidelines range.

The Court **HELD** that an advisory Guidelines range of 188-235 months' imprisonment did not serve the factors listed under 18 U.S.C. § 3553(a).  The Court noted that Defendant nearly qualified for a two-level reduction under U.S.S.G. § 5C1.2, which would have provided Defendant with a total offense level of thirty-three (33).  The Court **FOUND** that, in light of

2

letters from friends, family, and Defendant himself, it is not likely that Defendant will be a repeat offender and it is likely that Defendant will try to take care of his business in a legal manner and be a productive member of society.  The Court also **FOUND** that Defendant had accepted responsibility and understood that he had made the wrong choices.  The Court further **FOUND** that an advisory Guidelines range of 188-235 months' overstated Defendant's history and characteristics and was greater than necessary to promote respect for the law, provide just punishment for the offense, adequately deter criminal conduct, and protect the public from Defendant.  See 18 U.S.C. § 3553(a).  As a traditional downward departure was not available, and was not moved for by the parties, the Court then proceeded to impose a variance sentence. Cf. Hampton, 441 F.3d at 287.

If Defendant was given a total offense level of only thirty-three (33), his criminal history category of II would have resulted in an advisory Guidelines range of 151-188 months' imprisonment.  Accordingly, the Court **SENTENCED** Defendant to a term of 151 months' imprisonment, to be followed by five (5) years' supervised release under the standard and special conditions set forth in the Court's Judgment.  This sentence reflects the nature and seriousness of the offense, appropriately reflects Defendant's history and characteristics, and is sufficient, but not greater than necessary, to promote respect for the law, provide just punishment for the offense, adequately deter criminal conduct, protect the public from Defendant, and provide Defendant with an opportunity to receive needed education, vocational training, and medical care (should the Bureau of Prisons determine that Defendant may participate in such opportunities).  See 18 U.S.C. § 3553(a).

### III.  Forfeiture Order

3

The Court **HELD** that Defendant's Forfeiture Order (Doc. 29) is to be filed **UNDER SEAL** until further order of this Court.  The Clerk is **ORDERED** to file the original Forfeiture Order **UNDER SEAL** and to place the redacted copy of the Forfeiture Order in the public file.

### IV.  Conclusion

The Clerk is **REQUESTED** to mail a copy of this Opinion and Order to counsel of record.

It is so **ORDERED**.

/s/
HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
November 16, 2006

4